UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

v.

**SAM BANKMAN-FRIED**, *et al.*,

   *Defendants.*
_____/

### PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE FOR PARTIES TO HOLD A SCHEDULING CONFERENCE

Plaintiffs, in accordance with the Court's Order entered yesterday, ECF No. 94, respectfully move unopposed for an extension of the deadline for the Parties to hold a scheduling conference to 30 days after all defendants are served, with a joint scheduling report due 10 days later, with an alternate request to hold the conference by April 14th (the current deadline for served defendants' responses to the complaint), with a joint conference report due 10 days later.

In support of this Motion, Plaintiffs incorporate by reference their Response, [ECF No. 88] to Defendants' Motion to Continue, [ECF No. 87], both of which were filed yesterday. While Plaintiffs were ready to hold the joint scheduling conference, not all Defendants were available, and there still remains at least one Defendant who has not yet been served. Plaintiffs are addressing the Court's concerns regarding service of process on Defendants Osaka and O'Neal by way of separate filing in response to the Court's Order to Show Cause, [ECF No. 91], filed concurrently herewith, [ECF No. 99], and respectfully request that if the Court finds good cause or reason to exercise its discretion in granting an extension to serve Defendants with process (particularly given

the issues with varying deadlines for service for different Defendants, as explained below), that the Court grant the primary relief sought in this motion, which is to extend the deadline for the Parties to hold a scheduling conference to 30 days after all defendants are served, with a joint scheduling report due 10 days later.

This action is a consolidation of the *Garrison* action, filed by Plaintiff Edwin Garrison on November 15, 2022, against the FTX Celebrity Defendants and Defendant Sam Bankman-Fried, and the *Podalsky* action, No. 1:22-cv-23983, filed by a different group of Plaintiffs on December 7, 2022, against those Defendants by a different group of Plaintiffs along with new Defendants Ellison, Singh, Wang, Trabucco, and Friedberg. The Court effected the consolidation through a *sua sponte* order on December 9, 2023. *See Podalsky*, No. 1:22-cv-23983-KMM, ECF No. 7.

On December 16, 2022, in accordance with the Court's order, [ECF No. 7], Plaintiffs filed the operative Consolidated Amended Complaint in *Garrison*, and on February 10, 2023, the Court granted the Defendants' Motion for Coordinated Briefing Schedule for Responses to the Amended Complaint, instructing that "Any served Defendant shall respond to the Amended Complaint on or before April 14, 2023." ECF No. 49.

In light of the consolidation of the *Podalsky* action with *Garrison* and the Amended Complaint, as well as the Court's February 10, 2023 Order regarding the coordinated briefing schedule, during a Zoom conference held on February 10, 2023 between Plaintiffs' counsel and Defendants counsel who were present (which was not all counsel currently in the case), both sides who joined that conference believed at that time that the Joint Scheduling Conference deadline from ECF No. 5 had been altered.[1]

---

[1] In hindsight, this interpretation was incorrect, as the Court made clear by the Docket Order entered on March 6, 2023, [ECF No. 82], in which the Court wrote that the "Parties are instructed to comply with the Court's November 16, 2022 Pretrial Order on or before March 10, 2023" and

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

As Plaintiffs explain in their Response filed yesterday, [ECF No. 88], Plaintiffs endeavored to comply with the Court's directive set forth in its March 6, 2023, Order, [ECF No. 82], circulating a proposed Joint Scheduling Report and an invitation for Defendants to attend a Joint Scheduling Conference to discuss any and all revisions to the report or issues with the schedule. Because not all Defendants had yet entered their appearances in this Action and some indicated they were unavailable, Plaintiffs did not oppose Defendants' request for extension of time. Plaintiffs now renew that request in accordance with the Court's March 9th Order. ECF No. 94.

While Plaintiffs more fully explain in their Response to the Order to Show Cause the reasons why the Court should grant Plaintiffs an extension of time to complete service of process on Defendants Osaka and O'Neal, [ECF No. 99], some of the same procedural issues bear on the necessity for the extension sought here to also extend the deadline for the joint scheduling conference.

Although the case was consolidated for all purposes, the two cases still retain their own status and the consolidation does not affect issues such as the deadline for service of process. As one district court recently explained:

> Cases consolidated under Rule 42(a) ... retain their separate identity. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985). And although "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, *or make those who are parties in one suit parties in another*." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479... (1933). Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation. *See* 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1994).

---

the Court later reiterated that "the Parties are instructed to hold the scheduling conference on or before March 10, 2023, *or PLAINTIFF (emphasis added) shall move for an extension of time to hold the scheduling conference.*" ECF No. 94 (italics added).

3

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

*Johnson v. Barney*, 1:21-CV-141, 2021 WL 7184242, at *2–3 (S.D. Ohio Dec. 16, 2021) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998)) (emphasis in original).

Further, the deadline for service of process begins to run for any new Defendants added to an Amended Complaint at the time the amended complaint is filed. *See Charles v. Bradshaw*, 2018 WL 11309206, at *2 (S.D. Fla. Aug. 14, 2018) *aff'd*, 782 F. App'x 991 (11th Cir. 2019) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service *unless* the amended complaint adds a new defendant.") (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Time Limit for Service § 1137 (4th ed.)) (emphasis added)

As the *Podalsky* action commenced on December 7, 2022, the deadline to serve Defendants was March 6, 2023, as to the *Podalsky* Plaintiffs (and March 7, 2023, as to Plaintiff Kavuri for all Defendants, and Garrison as to the FTX Insider Defendants—Ellison, Singh, Wang, Friedman, and Trabucco—as they joined the *Podalsky* action by amendment December 8th).

Given the complexity of the issues involved in serving the FTX Celebrity Defendants—for example, (1) Plaintiffs' response to Defendants' motion for extension filed yesterday, which details and attaches materials regarding the difficulties in serving many Defendants, even through counsel who appeared in this action, ECF No. 88 at 2–3, and (2) Plaintiffs' Response to Order to Show Cause, filed concurrently herewith, [ECF No. 99]—Plaintiffs have worked diligently to effect service on all 18 Defendants, many of whom are some of the most high-profile celebrities in the country. Although these Defendants are well-known public figures, tracking them down to physically serve them is a monumental task, especially when some Defendants are constantly traveling throughout the country and the world. As of the date of this filing, all but one Defendant

(O'Neal) has been served with process in this action,[2] as he is apparently evading service despite actual notice of this lawsuit, and 6 of his current and/or former lawyers who represent him or work with him (or have done so recently) are in possession of the operative Consolidated Amended Complaint, along with Notices of Commencement of Action and Requests for Waiver of Service forms.

While it is true that a "district court has ample power to control its docket" and it is "entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule" ECF No. 87 at 6 n.6 (citations omitted), and consolidation for all purposes "is permitted as a matter of convenience and economy in administration, [consolidation] does not merge the suits into a single cause," *Johnson*, 289 U.S. 479. An orderly and consolidated pretrial process, however, would advance the goals sought to be achieved through consolidation. *See, e.g., Freund v. Med. & Fin. Mgmt., Inc.*, No. 16-CV-14405-KAM, 2017 WL 7726714, at *1 (S.D. Fla. June 1, 2017) ("The Court has broad discretion to order consolidation, so long as consolidation will foster clarity, efficiency, and the avoidance of confusion and prejudice.") (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Thus, just as the Court carefully weighed all considerations of efficiency and fairness in deciding whether to consolidate these actions in the first instance, Plaintiffs respectfully submit that the Court grant this motion (in addition to entering the appropriate relief in connection with Plaintiffs' Response to Order to Show Cause) so that these consolidated actions may proceed as to

---

[2] As explained in Plaintiffs' Response to Order to Show Cause, filed concurrently herewith, [ECF No. 99], Counsel for Defendant Osaka, David Fink of Venable LLP, who contacted and advised the process servers Plaintiffs hired to stop attempts to personally serve her because she was inaccessible and he was designated to accept service on her behalf, has been served with the Summons and Consolidated Amended Complaint. He is also in possession of a Notice of Commencement of Action and Request for Waiver of Service.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

all Plaintiffs and Defendants from each action on the same schedule, which furthers both the interests of the Court's power to control its docket and the interests and efficiencies sought to be served and obtained in consolidating these related class actions. At this early stage in the proceedings, granting this relief causes no conceivable prejudice to the Parties and would further allow the Court to conserve judicial resources.

## CONCLUSION

Plaintiffs respectfully request the Court grant this unopposed motion for an extension of the deadline for the Parties to hold a scheduling conference to 30 days after all defendants are served, with a joint scheduling report due 10 days later, or alternatively to hold the conference by April 14th (the current deadline for served defendants' responses to the complaint), with a joint conference report due 10 days later, together with such other and further relief as the Court deems just, equitable, and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Plaintiffs' Counsel certify they have conferred with Counsel for Defendants Brady, Bundchen, David,[3] Ortiz, Haslem,[4] O'Leary, Bankman-Fried, and Lawrence, and Defendant Friedberg, by email on March 10, 2023, to discuss the motion in accordance with Local Rule 7.1(a)(3) in a good faith effort to resolve the motion, and were informed Defendants do not oppose the motion.

---

[3] Counsel for Brady and Bundchen are also counsel for David.

[4] Counsel for Ortiz indicated that Akerman will also represent Haslem.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Dated: March 10, 2023

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 10, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*

ADAM M. MOSKOWITZ